José Francisco Quiñones Mercado, menor representado por su madre Petra Mercado, demandante y apelante, *v.* Francisco Quiñones, demandado y apelado.

Núm. 9491.—*Sometido:* Junio 3, 1947. *Resuelto:* Junio 25, 1947.

*Faustino R. Aponte,* abogado del apelante; *Francisco González, Jr.,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El menor José Francisco Quiñones Mercado es hijo natural reconocido de Francisco Quiñones de la Matta. Alegando que el padre natural es insolvente y además que está ausente de Puerto Rico, el menor, representado por su madre, Petra Mercado, demandó a su abuelo paterno, Francisco Quiñones,

solicitando le pasara una pensión alimenticia de quince dó- lares semanales. El demandado excepcionó la demanda alegando que no aducía hechos suficientes constitutivos de causa de acción y la corte inferior declaró con lugar dicha excepción previa y dictó sentencia desestimando la demanda. Apeló el menor y como único señalamiento sostiene que la corte sentenciadora erró al declarar con lugar la excepción previa y desestimar la demanda.

El artículo 143 del Código Civil (ed. 1930) dispone que: "Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente:

"1.—*        *        *        *        *        *        *

"2.—Los ascendientes y descendientes *legítimos.*

"3.—Los padres y los hijos legitimados y los descendientes legítimos de éstos.

"4.—Los padres y los hijos ilegítimos y los descendientes legítimos de éstos.([1])

"5.—*        *        *        *        *        *        *

(Bastardillas nuestras.)

■ Si bien los ascendientes y descendientes *legítimos* están obligados recíprocamente a darse alimentos, no se impone por los apartados 3 y 4 del artículo 143, supra, la misma obligación recíproca entre el hijo legitimado y el hijo ilegítimo en relación con sus abuelos, sino que la obligación se limita a los padres de dichos hijos y a los descendientes legítimos de éstos.

■■ El caso que consideramos es uno que concierne a un hijo natural reconocido cubierto por el apartado 4 del artículo 143. Y si bien es cierto que el apartado 3 de dicho

---

([1])La Ley núm. 449 aprobada el 14 de mayo de 1947 enmendó los incisos 3 y 4 del artículo 143 del Código Civil en esta forma:

"3. Los padres y los hijos legitimados y los descendientes legítimos, *naturales e ilegítimos* de éstos.

"4. Los padres y los hijos ilegítimos y los descendientes legítimos, *naturales e ilegítimos* de éstos."

Esta enmienda fué aprobada después de resuelto este caso por la corte inferior.

artículo hace la misma limitación al referirse al hijo legitimado(²) no debemos olvidar que de acuerdo con el artículo 121 del mismo código "los hijos legitimados disfrutarán de los mismos derechos que los legítimos" y que, tanto en Puerto Rico como en España dichos hijos son aquéllos que, teniendo la condición de naturales, son legitimados por el subsiguiente matrimonio de sus padres (artículo 120 del Código Civil equivalente al 120 de España) y que también en España, de acuerdo con el artículo 122, los hijos legitimados por subsiguiente matrimonio disfrutarán de los mismos derechos que los hijos legítimos. Creemos, por lo tanto, que el apartado 3ro. del artículo 143, supra, no tiene efectividad en Puerto Rico donde no existe otra legitimación que la del subsiguiente matrimonio. Tanto aquí como en España el hijo legitimado por subsiguiente matrimonio de sus padres tiene todos los derechos que un hijo legítimo y, entre ellos, el de solicitar alimentos no sólo de sus padres sino que, en caso apropiado, de sus ascendientes en general.

Hemos hecho la anterior aclaración para que se vea que los comentarios que hemos de citar de Manresa, Sánchez Román, etc. al referirse a la legitimación por concesión se refieren a esa forma especial de legitimación existente en España y de ahí la limitación incluída en el apartado 3ro. del artículo 143, supra.

Comentando Manresa el artículo 143 del Código Civil Español, equivalente al nuestro, dice que ". . . el Código ha limitado la obligación de dar alimentos respecto de los hijos ilegítimos a los padres en la línea ascendente, y, por lo tanto, los legitimados por concesión y *los naturales reconocidos no podrán solicitarlos más que de éstos, pero no del abuelo o de la abuela.* Así se declara terminantemente, con relación al artículo que comentamos, en sentencia del Tribunal Supremo

---

(²)El Código Civil Español usa la frase: " . . . legitimado por concesión Real."

de 6 de julio de 1895. En cambio, el padre viene obligado a satisfacerlos, no sólo a su hijo legitimado o reconocido, sino también a los descendientes legítimos de éste, pero no a los ilegítimos, porque éstos no pueden reclamarlos de los abuelos. Y como la obligación de alimentos es, por naturaleza, recíproca, a su vez el legitimado o reconocido y sus descendientes citados, obligados están a alimentar a los padres del primero." (Bastardillas nuestras.) Manresa, Código Civil Español, Tomo 1, pág. 688 (Sexta Edición, 1943).

Al mismo efecto, Sánchez Román, Derecho Civil, Tomo 5, Vol. 2, pág. 1258, al comentar los incisos 3 y 4 del artículo 143, supra dice:

"3°. Los padres y los hijos legitimados por concesión Real, y los descendientes legítimos de éstos (núm 3°., art. 143). Como la base de la paternidad es el acto de la legitimación por concesión Real, el Código impone a los padres que otorgan este acto, *pero no a los ascendientes,* la obligación de prestar alimentos; así es que el legitimado por este medio *no podrá exigirlo de los abuelos,* pero extiende la obligación en los padres de prestarlos, no sólo a dichos hijos legitimados por concesión Real, sino a los descendientes legítimos de éstos siendo, entre esos tres grupos de personas, recíprocamente debidos los alimentos en toda su extensión o sean los propiamente tales, como los define el art. 142 (2).

"4°. Los padres y los hijos naturales reconocidos y los descendientes legítimos de éstos (núm. 4°., art. 143). Esta doctrina se establece en los mismos términos que la indicada en el número anterior, por tratarse de hijos que, legitimados por concesión Real o reconocidos, necesitan ser naturales, produciéndose entre ellos y sus padres, y extendiéndose a los descendientes legítimos de los primeros, el derecho a los alimentos (3); pero nunca a los descendientes naturales que los hijos naturales hubieran reconocido, porque el reconocimiento, como acto personal que es del que lo verifica, no debe trascender a otras personas, como serían los padres del mismo que lo realiza, al efecto de hacer extensiva a ellos la obligación de alimentos, respecto de los descendientes naturales reconocidos por el hijo natural de aquéllos." (Bastardillas nuestras.)

Parecería que el lenguaje claro y preciso del artículo 143 no requeriría ulterior interpretación que la de su propia ex-

posición, empero, el apelante aparentemente basó su acción en el comentario que a dicho artículo hace Scaevola diciendo que:

"*Legitimados por concesión Real y naturales reconocidos.* Es pertinente respecto de éstos la misma observación hecha sobre los legítimos. El padre o madre que los haya legitimado o reconocido es la persona llamada en primer término al cumplimiento de la obligación, y en su defecto es cuando ésta recaerá en los ascendientes. A primera vista parece que el artículo no alcanza a éstos, puesto que no los menciona; pero como quiera que lo hace de los descendientes, y la obligación es recíproca, naturalmente comprende a los nietos y a los abuelos. Los descendientes han de ser legítimos (y por tanto, legitimados por subsiguiente matrimonio), con exclusión de naturales reconocidos y legitimados por concesión Real." Scaevola, Código Civil, Tomo 3, págs. 214–5.

Creemos que el razonamiento de Scaevola no se ajusta a los términos del código, ya que la reciprocidad que establece la disposición general del artículo 143 se refiere, necesariamente, a las personas especificadas en cada uno de sus apartados entre sí. Cuando el legislador quiso establecer dicha reciprocidad, sin limitación alguna, lo hizo en el apartado 2° al referirse, en términos generales, a los "ascendientes y descendientes *legítimos*," pero al llegar al caso de los hijos ilegítimos, limita la obligación recíproca alimenticia a los tres grupos de personas que menciona, o sea: los padres, los hijos naturales reconocidos y los descendientes legítimos de éstos. Ésta es la conclusión a que llegan, tanto Manresa como Sánchez Román, y consideramos que esa interpretación se ajusta al motivo que inspira los términos en que está redactado el precepto que no puede ser otro sino el hecho de que la familia natural comienza con el padre natural que reconoce al hijo y continúa, en la línea descendente, con los hijos legítimos de éste.

*No erró la corte inferior al desestimar la demanda y en su consecuencia se confirma la sentencia apelada.*